IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Civil Action No.: 1:14cv969 LOG/TRJ |
| | ) |
| ALL ASSETS | ) |
| LISTED IN ATTACHMENT A, | ) |
| AND ALL INTEREST, BENEFITS, | ) |
| AND ASSETS TRACEABLE THERETO | ) |
| | ) |
| **Defendants *in Rem*.** | ) |
| _____ | ) |

## <u>MOTION TO STRIKE CERTAIN CLAIMS</u>

COMES NOW THE UNITED STATES, by and through the undersigned attorneys, and

moves this Court to strike the claims of Bram van der Kolk, Finn Batato, Julius Bencko, Kim

Dotcom (also known as Kim Tim Jim Vestor and Kim Schmitz), Megaupload Limited, Megapay

Limited, Vestor Limited, Megamedia Limited, Megastuff Limited, Mathias Ortmann, and Sven

Echternach based on the doctrine of fugitive disentitlement.[1]

## PROCEDURAL HISTORY

On July 29, 2014, the United States commenced this action by filing a Verified

Complaint for Forfeiture In Rem (Dkt. #1) for assets arising from the claimants' criminal

copyright scheme (and the scheme to launder the proceeds of that copyright conspiracy).  On

August 28, 2014, Claimants Kim Dotcom, Mathias Ortmann, Finn Batato, Bram van der Kolk,

---

[1] The United States anticipates filing a motion to strike the claim of Claimant Mona Dotcom for lack of standing on a different basis.

Julius Bencko and Sven Echternach filed claims to property named for forfeiture in the Complaint.  (Dkts. # 3-8).  On September 24, 2014, the United States served Special Interrogatories pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions which authorizes interrogatories concerning "the claimant's identity and relationship to the defendant property."   Despite the earlier deadline in the Federal Rules, the parties agreed that the responses would be due October 24, 2014.  On October 24, 2014, the claimants served their responses to the special interrogatories; however, their responses were largely objections to the interrogatories. On November 3, 2014, the undersigned sent counsel for the claimants letters in an attempt to secure the discovery that is the subject of this motion, requesting all deficient responses be cured by Friday, November 7, 2014.  Further, counsel for the parties met face to face on November 7, 2014 to discuss the matter.  Although additional information was provided, key questions asked in the interrogatories have still not been answered.  Thus, on November 17, 2014, the United States filed a motion to compel the requested interrogatory responses.  Although the motion to compel has not been resolved, the United States is filing this motion now to comply with the November 17, 2014, deadline set forth in this Court's Order of October 21, 2014 (Dkt. #32) for filing a motion to strike.  In addition, a delay in this case could jeopardize forfeiture of the assets if foreign governments proceed to release the currently restrained assets despite the United States' requests to continue restraint. For assets located in New Zealand, at least, the restraint sought based upon the order of this Court cannot, by statute, be extended beyond April 18, 2015.  The initial hearing for the New Zealand defendants' extradition eligibility is now scheduled for June 2, 2015, which is long after those restraints will have been lifted.

## STATEMENT OF FACTS

**Bram van der Kolk**

Claimant Bram van der Kolk was indicted in this district on January 5, 2012, for racketeering conspiracy (18 U.S.C. § 1962(d)), copyright infringement (18 U.S.C. § 2319 and 17 U.S.C. §  506) and money laundering conspiracy (18 U.S.C. § 1956(h)) (Case No. 1:12cr3).  A superseding indictment that added wire fraud charges (18 U.S.C. § 1343) was returned on February 16, 2012.  The attached Declaration of Federal Bureau of Investigation (FBI) Special Agent Rodney J. Hays establishes that Claimant van der Kolk was arrested in New Zealand on the original indictment on January 19 or 20, 2012 and released on conditions of bail.  Attachment 1 at par. 3.  The attached affidavit of Peter David Marshall, Crown Counsel at the New Zealand Crown Law Office, states that Claimant van der Kolk could consent to surrender to the United States Government but has instead opposed extradition.  Attachment 2 at par. 12.

**Finn Batato**

Claimant Finn Batato was indicted in this district on January 5, 2012, for racketeering conspiracy (18 U.S.C. § 1962(d)), copyright infringement (18 U.S.C. § 2319 and 17 U.S.C. § 506) and money laundering conspiracy (18 U.S.C. § 1956(h)) (Case No. 1:12cr3).  A superseding indictment that added wire fraud charges (18 U.S.C. § 1343) was returned on February 16, 2012.  The attached Declaration of FBI Special Agent Rodney J. Hays establishes that Claimant Finn Batato was arrested in New Zealand on the original indictment on January 19 or 20, 2012 and released on bond.  Attachment 1 at par. 3.  The attached affidavit of Peter David Marshall, Crown Counsel at the New Zealand Crown Law Office, states that Claimant Batato could consent to surrender to the United States Government but has instead opposed extradition.  Attachment 2 at par. 12.

**Kim Dotcom**

Claimant Kim Dotcom was indicted in this district on January 5, 2012, for racketeering conspiracy (18 U.S.C. § 1962(d)), copyright infringement (18 U.S.C. § 2319 and 17 U.S.C. § 506) and money laundering conspiracy (18 U.S.C. § 1956(h)) (Case No. 1:12cr3).  A superseding indictment that added wire fraud charges (18 U.S.C. § 1343) was returned on February 16, 2012.  The attached Declaration of FBI Special Agent Rodney J. Hays establishes that Claimant Kim Dotcom was arrested in New Zealand on the original indictment on January 19 or 20, 2012 and released on bond.  Attachment 1 at par. 3.  The attached affidavit of Peter David Marshall, Crown Counsel at the New Zealand Crown Law Office, states that Claimant Kim Dotcom could consent to surrender to the United States Government but has instead opposed extradition.  Attachment 2 at par. 12.

**Megaupload Limited, Vestor Limited, Megapay Limited, Megamedia Limited, and Megastuff Limited**

Megaupload Limited and Vestor Limited were indicted in this district on January 5, 2012, for racketeering conspiracy (18 U.S.C. § 1962(d)), copyright infringement (18 U.S.C. § 2319 and 17 U.S.C. § 506) and money laundering conspiracy (18 U.S.C. § 1956(h)) (Case No. 1:12cr3).  A superseding indictment that added wire fraud charges (18 U.S.C. § 1343) was returned on February 16, 2012.

Megaupload Limited, Vestor Limited, Megapay Limited,  Megamedia Limited, and Megastuff Limited are companies that Claimant Kim Dotcom largely owns and controls.  Attachment 1 at par. 14-19.   In fact, Claimant Kim Dotcom signed the verified claim as the authorized signatory on behalf of the companies.  (Dkt. #9).

**Mathias Ortmann**

Claimant Mathias Ortmann was indicted in this district on January 5, 2012, for

4

racketeering conspiracy (18 U.S.C. § 1962(d)), copyright infringement (18 U.S.C. § 2319 and 17 U.S.C. § 506) and money laundering conspiracy (18 U.S.C. § 1956(h)) (Case No. 1:12cr3).  A superseding indictment that added wire fraud charges (18 U.S.C. § 1343) was returned on February 16, 2012.  The attached Declaration of FBI Special Agent Rodney J. Hays establishes that Claimant Ortmann was arrested in New Zealand on the original indictment on January 19 or 20, 2012 and released on bond.  Attachment 1 at par. 3.  The attached affidavit of Peter David Marshall, Crown Counsel at the New Zealand Crown Law Office, states that Claimant Ortmann could consent to surrender to the United States Government but has instead opposed extradition.  Attachment 2 at par. 12.

**Julius Bencko**

Claimant Julius Bencko was indicted in this district on January 5, 2012, for racketeering conspiracy (18 U.S.C. § 1962(d)), copyright infringement (18 U.S.C. § 2319 and 17 U.S.C. § 506) and money laundering conspiracy (18 U.S.C. § 1956(h)) (Case No. 1:12cr3).  A superseding indictment that added wire fraud charges (18 U.S.C. § 1343) was returned on February 16, 2012.  Claimant Bencko has not yet been arrested.  After the indictment was made public, Claimant Bencko communicated to Claimant Kim Dotcom on February 9, 2012, that he would support him but was "sitting still" in his native Slovakia since there were no charges pending there.  Attachment 1 at par. 22.  Additional relevant facts associated with Claimant Bencko are included in Attachment 1 at par. 20-27.

**Sven Echternach**

Claimant Sven Echternach was indicted in this district on January 5, 2012, for racketeering conspiracy (18 U.S.C. § 1962(d)), copyright infringement (18 U.S.C. § 2319 and 17 U.S.C. § 506) and money laundering conspiracy (18 U.S.C. § 1956(h)) (Case No. 1:12cr3).  A

superseding indictment that added wire fraud charges (18 U.S.C. § 1343) was returned on

February 16, 2012.  Claimant Echternach has not yet been arrested.  According to German

authorities, Claimant Echternach has refused to be interviewed about the charges.  Attachment 1

at par. 28.   Further, he traveled from the Philippines to Germany, arriving on January 22, 2012,

shortly after Claimants Kim Dotcom, Ortmann, Batato and van der Kolk were arrested.  *Id*.

Additional relevant facts associated with Claimant Echternach are included in Attachment 1 at

par. 28-30.

## LEGAL DISCUSSION

### A.  Fugitive Disentitlement Doctrine

The fugitive disentitlement doctrine is codified in 28 U.S.C. § 2466 as follows:

(a) A judicial officer may disallow a person from using the resources of the
courts of the United States in furtherance of a claim in any related civil
forfeiture action or a claim in third party proceedings in any related
criminal forfeiture action upon a finding that such person—

    (1) after notice or knowledge of the fact that a warrant or process has been
issued for his apprehension, in order to avoid criminal prosecution—

        (A) purposely leaves the jurisdiction of the United States;

        (B) declines to enter or reenter the United States to submit to its
jurisdiction; or

        (C) otherwise evades the jurisdiction of the court in which a criminal
case is pending against the person; and

    (2) is not confined or held in custody in any other jurisdiction for
commission of criminal conduct in that jurisdiction.

(b) Subsection (a) may be applied to a claim filed by a corporation if any
majority shareholder, or individual filing the claim on behalf of the
corporation is a person to whom subsection (a) applies.

28 U.S.C. § 2466.[2]  "Because the fugitive disentitlement doctrine goes to the right of the claimant to assert any defense to the forfeiture action, a motion filed by the United States to strike the claim under Section 2466, like a challenge to the claimant's standing, must be addressed before the court considers any motion filed by the claimant."  Stefan D. Cassella, *Asset Forfeiture Law in the United States*  (2d Ed. 2013),  § 9-4 (2013) citing *United States v. $6,976,934.65 Plus Interest*, 478 F.Supp.2d 30, 45 (D.D.C. 2007) (holding that, because applying the fugitive disentitlement doctrine will bar a claimant from contesting a forfeiture on any ground, the court must rule on the Government's section 2466 motion before addressing any motion filed by the claimant); *United States v. $6,976,934.65 Plus Interest*, 486 F.Supp.2d 37, 39 (D.D.C. 2007), (same case, denying motion for reconsideration on this issue, and holding that the Government's motion under section 2466 must take precedence over any threshold motion that would favor the fugitive, including a motion to dismiss for improper venue), rev'd on other grounds, 554 F.3d 123 (D.C. Cir. 2009); *United States v. All Funds . . .Held in the Name of Kobi Alexander*, 2007 WL 2687660 (E.D.N.Y. 2007) (holding that, by maintaining his fugitive status, claimant waived his right to challenge the forfeiture on Eighth Amendment grounds).

Section 2466 has five statutory threshold elements which the government must show in order for the Court to exercise its discretion to disentitle claimants from challenging a pending civil forfeiture action:

1) that a warrant or similar process has been issued for the named claimants' apprehension;

---

[2]  In *Degen v. United States*, 517 U.S. 820, 828  (1996) the Supreme Court held that judges could not impose the fugitive disentitlement doctrine on their own without the approval of the legislature.  Congress responded to *Degen* by reinstating the fugitive disentitlement doctrine in 28 U.S.C. § 2466.  *See Collazos v. United States*, 368 F.3d 190, 198-99 (2d Cir. 2004); *United States v. One 1988 Chevrolet Cheyenne Half-Ton Pickup Truck*, 357 F. Supp. 2d 1321, 1326 (S.D. Ala. 2005) (both stating that §2466 was Congress' response to *Degen).*

2)  that the claimant has knowledge of the warrant;

3)  that the warrant was issued in a criminal case that is "related" to the civil forfeiture case;

4)  that the claimant is not being confined or held in custody overseas, such that he is prevented from voluntarily surrendering on the criminal warrant; and

5)  that the claimant deliberately avoided prosecution by leaving or declining to "enter or reenter" the U.S. or otherwise evading the jurisdiction of the court where the criminal case is pending."

Stefan D. Cassella, *Asset Forfeiture Law in the United States* (2d Ed. 2013), § 9-4 citing

*Collazos v. United States*, 368 F.3d 190, 198 (2d Cir. 2004).

Though disentitlement of fugitive claimants is discretionary, rather than mandatory, courts have found that the exercise of its discretion under § 2466 is necessary to protect the integrity of the judicial system. *United States v. Real Property Known as Tamarind Dr.*, 2005 WL 2649001, at *3 (S.D.N.Y. Oct. 14, 2005). *See also United States v. One 1988 Chevrolet Cheyenne Half-Ton Pickup Truck*, 357 F.Supp. 2d 1321, 1328-32 (S.D. Ala. 2005) (exercise of the Court's discretion in favor of the claimant is not warranted merely because the claimant is anxious and afraid that he might be convicted in a criminal case, or because claimant thinks the Government's case is weak.  If anything, a weak case would provide an incentive for claimant to return to the United States to clear his name and reclaim his property.)

Thus, a fugitive who fled to Portugal to avoid prosecution for money laundering was not allowed to use the resources of the court to pursue a civil forfeiture claim for assets allegedly acquired with his ill-gotten gains from the money laundering scheme. *United States v. All Right, Title and Interest . . . Trump World Towers*, 2004 WL 1933559 *2 (S.D.N.Y. 2004).  Similarly, a Canadian citizen who intentionally remained outside of the United States to avoid criminal prosecution was a "fugitive" within the meaning of the Fugitive Disentitlement Statute,

justifying the court's disallowance of his claim.  *United States v. $671,160.00 in U.S. Currency*, 730 F.3d 1051 (9th Cir. 2013).  There, the Ninth Circuit Court of Appeals explained that "[t]here are sound policy reasons for applying the Fugitive Disentitlement Doctrine in this case.  The Fugitive Disentitlement Doctrine 'is grounded on the impropriety of permitting a fugitive to pursue a claim in federal court where he might accrue a benefit, while at the same time avoiding an action of the same court that might sanction him.'" *Id*. at 1057-58 (quoting *United States v. Eng*, 951 F.2d 461, 465 (2d Cir. 1991)).   The court further noted that the claimant "has demonstrated such disrespect for the legal processes that he has no right to call upon the court to adjudicate his claim." *Id*. at 1059-60, quoting *Ortega-Rodriguez v. United States*, 507 U.S. 234, 246 (1993) (quoting *Alie v. Sims*, 788 F.2d 954, 959 (3d Cir. 1986)).  *See also Lynn v. United States*, 365 F.3d 1225, 1240 (11th Cir. 2004) (noting that, where its authority has been questioned by the defendant's flight in a criminal case before it, the district court is empowered to use fugitive disentitlement doctrine to protect integrity of the judicial system).

### Application of the Fugitive Disentitlement Doctrine to this Case

In this case:

### 1)      Warrants or Similar Process Have Been Issued

Claimants Bram van der Kolk, Finn Batato, Julius Bencko, Kim Dotcom, Megaupload Limited, Megapay Limited, Vestor Limited, Mathias Ortmann, and Sven Echternach, have been indicted in this district and warrants have been issued for the individual claimants' arrest. *See* Attachment 1 at par. 2.

### 2)      Claimants Have Knowledge of the Indictment

The knowledge element requires that a claimant "know or have reason to know that he is subject to arrest in the United States."  *$6,976,934.65 Plus Interest*, 554 F.3d at 130.  Claimants

van der Kolk, Batato, Kim Dotcom, and Ortmann were subject to extradition proceedings in New Zealand associated with their indictment in the United States, and refused to waive extradition. *See* Attachment 2 at par. 12.

Claimant Bencko has acknowledged to a third-party that "we are being prosecuted by virginia", through an "indictment", and could possibly be "extradited."  Attachment 1 at par. 23. He further stated he was "facing 55 years in usa."  *Id.* at par. 25.

According to German authorities, Claimant Echternach has been approached and has refused to be interviewed about the charges.  *Id* at 28.  He further acknowledged to a third party that he knew there were pending charges and had investigated "steps to take in the defense" *Id.* at 29.  Thus, he too was aware of them.  *See United States v. All Funds . . .Held in the Name of Kobi Alexander*, 2007 WL 2687660 (E.D.N.Y. 2007) (circumstantial evidence that claimant was aware of the arrest warrant is sufficient, such evidence included the significant publicity surrounding the case).  *United States v. $1,278,795.00 U.S.Currency*, 2006 WL 870364, at *1 (S.D. Tex. Mar. 30, 2006 (Government's § 2466 motion informed claimant, if he was not already aware, of the warrant for his arrest)); *United States v. All Right, Title and Interest . . .Trump World Towers*, 2004 WL 1933559, at *2 (S.D.N.Y. Aug. 31, 2004) (letter to defense counsel in criminal case put claimant on notice of his fugitive status).

Moreover, in their motion to dismiss this case (Dkt. #19), claimants request that the case be dismissed or stayed pursuant to 18 U.S.C. § 981(g)(2) which authorizes a stay where the claimant "is the subject of a related criminal investigation or case."  Thus all claimants must be aware of the underlying criminal indictment.

      3)      **The Criminal Case is "related" to this Civil Forfeiture Case**

The criminal and civil cases arise out of the same facts and circumstances.  One need

only compare the superseding indictment with the civil forfeiture complaint, Dkt. #1, to conclude that both cases are based on the same criminal conduct.  Two cases are sufficiently related if they arise out of the same facts and circumstances.  *United States v. Contents of Account Number 68108021 (Collazos)*, 228 F.Supp. 2d 436, 440 (S.D.N.Y. 2002)).  *See also United States v. $6,976,934.65 Plus Interest*, 554 F.3d 123, 131 (D.C. Cir. 2009) (a civil forfeiture action is "related" to a criminal prosecution being evaded if "the facts that underlie the prosecution being evaded also form the basis for the forfeiture action").

Indeed, again, in their motion to dismiss this case (Dkt. #19), claimants request that the case be dismissed or stayed pursuant to 18 U.S.C. § 981(g)(2) which authorizes a stay where the claimant "is the subject of a related criminal investigation or case." In their legal memorandum accompanying their motion to dismiss, claimants assert that the criminal case "is obviously 'related' to the civil action."  (Dkt. #20 at 29).  Thus, on this point, all parties agree.

### 4)      Claimants Are Not Confined Overseas

Claimants are not being confined or held in custody overseas, such that they are prevented from voluntarily surrendering on the criminal warrants.  Attachment 1 at par. 3; Attachment 2 at par. 8, 12.  Since Germany and Slovakia will not extradite Claimants Bencko and Echternach, they do not have to fear arrest there on the charges in this court.  Attachments 3 and 4.

### 5)      Claimants Have Declined to Enter the United States Deliberately to Avoid Prosecution

Claimants Bram van der Kolk, Finn Batato, Julius Bencko, Kim Dotcom, Mathias Ortmann, and Sven Echternach, are deliberately avoiding prosecution by declining to enter the United States where the criminal case is pending. The key issue in determining whether a person is a fugitive from justice is that person's intent.  A defendant who flees with intent to avoid arrest

11

is a fugitive from justice.  *United States v. Brown*, 438 Fed. Appx. 203 (4th Cir. 2011).  In *Collazos*, the Second Circuit Court of Appeals held that even though Collazos was accused of a violation of federal law while acting from a place outside of the United States, she became a "fugitive" for purposes of Section 2466 when she refused to enter the United States to answer the criminal charges.  *Collazos*, 368 F.3d at 198-99.  Avoidance of prosecution need only be one motive in refusing to enter the United States; it need not be the sole, dominant or principal reason.  *United States v. Technodyne LLC*, 753 F.3d 368, 383 (2d Cir. 2014).

Thus, those claimants who are fighting extradition on the criminal charges in the related criminal case, Claimants van der Kolk, Batato, Kim Dotcom, and Ortmann, are fugitives within the meaning of the statute, regardless of the reason for their opposition.  *United States v. Real Property . . .2526 155th Place SE*, 2009 WL 667473, *1 (W.D. Wash. Mar. 12, 2009) (claimants who fight extradition are "fugitives").

Claimant Bencko noted that the press suggested he was a "hunted animal … still on the run", but he told a third party he was "sitting still" in his native Slovakia since there were no charges pending there.  Attachment 1 at par. 22-23.  Bencko has chosen not to travel outside of Slovakia and is safe from extradition there, as both his conversations and Attachment 4 demonstrate.  Bencko explicitly complains that he is still "stuck here in this post commie state." Attachment 1 at par. 23.  Bencko has also confirmed in conversations with others that his understanding of the treaty between Slovakia and the United States "will help me not to be extradited."  *Id.*  Bencko is avoiding travel within Europe as well (which would require him to show identification and potentially expose him to arrest), in an attempt to avoid extradition.  In April 2012, Bencko stated that he could get his brother to pick a friend up from Vienna, because Bencko "cannot (better not) cross the border.  The friend agrees 'don't want you to cross border

12

and risk.'  Bencko responds 'nono I will not.'" *Id*. at par. 26.  Bencko stated in his Objections and Responses of Claimant to the Special Interrogatories (at Dkt. #33) that he currently resides in Košice, Slovakia.  Authorities from Slovakia have indicated to the United States that they will not extradite one of their citizens to the United States (Bencko is a citizen of Slovakia).  Attachment 4.

Claimant Echternach not only has refused to be interviewed about the charges, but has stated that he would exercise his right to refuse to give evidence if interviewed.  Attachment 1 at par. 28.  Echternach stated in his Objections and Responses of Claimant to the Special Interrogatories (at Dkt. #34) that he currently resides in Frankfurt, Germany.  German authorities have indicated that they will not extradite a German citizen to the United States (Echternach is a German citizen).  Attachment 3.  Finally, Echternach said last May that he is "still n[o]t travelling, but hope I'll be able again few months." Attachment 1 at par. 29.  In other conversations, Echternach had expressed hope that charges against him in the United States would be dismissed after defense lawyers had filed motions.  *Id*.

Thus, Claimants Bencko and Echternach are deliberately avoiding prosecution by declining to enter the United States.  *Id*.   *See also Technodyne LLC*, 753 F.3d at 383 (district court could conclude claimants remained outside the United States to avoid prosecution despite their protestations to the contrary).

            6)    **Fugitive Disentitlement Applies Equally to the Claimant Corporations**

Finally, because Claimant Kim Dotcom, who is himself a fugitive, is the corporate claimants' majority shareholder and because he signed the claims on behalf of the corporations, a presumption of disentitlement applies to the corporations as well. 28 U.S.C. § 2466(b); *$6,976,934.65 Plus Interest*, 478 F.Supp.2d at 43 (Section 2466(b) creates a presumption of

disentitlement if the fugitive is the corporate claimant's majority shareholder).  Fugitive disentitlement may also be imputed to the corporation if the court pierces the corporate veil and finds the corporation is the fugitive's alter ego.  *Id*.   The addition of subsection (b) to § 2466 was intended to "clarif[y] that a natural person who is a fugitive may not circumvent this provision by filing, or having another person file, a claim on behalf of a corporation that the fugitive controls."  H.R. Rep. 107-250(I), Sec. 117.

## CONCLUSION

The United States has established that the claims of Bram van der Kolk, Finn Batato, Julius Bencko, Kim Dotcom, Megaupload Limited, Megapay Limited, Vestor Limited, Megamedia Limited, Megastuff Limited, Mathias Ortmann, and Sven Echternach should be stricken based on the doctrine of fugitive disentitlement.  The United States asks the Court to strike their claims to prevent them from "mak[ing] a mockery of our system of justice."  *United States v. Kivanc,* 714 F.3d 782, 791 (4th Cir. 2013) (court refused to allow a fugitive to testify from overseas via video in a civil forfeiture case to support the claims of his parents).

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
Karen Ledbetter Taylor
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Building
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia  22314
Phone:  703-299-3700
Fax:  703-299-3982
Email Address: Karen.taylor2@usdoj.gov

14

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November 2014, I electronically filed the

foregoing with the clerk of Court using the CM/ECF system, which will send a notification of

such filing (NEF) to all counsel of record.


                                                    /s/

Allison Ickovic
Special Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Building
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia  22314
Phone:  703-299-3700
Fax:  703-299-3982
Email Address: Allison.B.Ickovic@usdoj.gov