IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALL ASSETS LISTED IN ATTACHMENT A, AND ALL INTEREST, BENEFITS, AND ASSETS TRACEABLE THERETO,<br><br>Defendants *in Rem*. | Civil Action No.: 1:14-cv-969<br><br>The Honorable Liam O'Grady |

**UNITED STATES' MOTION TO COMPEL**
**COMPLETE RESPONSES TO SPECIAL INTERROGATORIES**

COMES NOW Plaintiff, United States of America, by Karen Ledbetter Taylor, Assistant United States Attorney for the Eastern District of Virginia, and pursuant to Rule 37 of the Federal Rules of Civil Procedure, respectfully moves the Court to compel Claimants Kim Dotcom, Mathias Ortmann, Finn Batato, Bram van der Kolk, Julius Bencko and Sven Echternach to serve proper responses to the United States' Special Interrogatories served on the claimants on September 24, 2014. In support of this motion, the United States submits the following facts and authority.

**Procedural History**

On July 29, 2014, the United States commenced this action by filing a Verified Complaint for Forfeiture *In Rem* (Dkt. #1). On August 28, 2014, Claimants Kim Dotcom, Mathias Ortmann, Finn Batato, Bram van der Kolk, Julius Bencko and Sven Echternach filed claims to

property named for forfeiture in the Complaint. (Dkts. # 3-8).[1] On September 24, 2014, the United States served Special Interrogatories pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions which authorizes interrogatories concerning "the claimant's identity and relationship to the defendant property." The parties agreed that the responses would be due October 24, 2014, even though Rule G(6)(b) requires that the responses be answered within 21 days. On October 24, 2014, the claimants served their responses to the special interrogatories; however, their responses were largely objections to the interrogatories rather than substantive responses. *See* attached interrogatory responses, Attachment 1 (Interrogatory Responses); (Discovery Reponses from Claimants Julius Bencko and Sven Echternach, Dkts. # 33-34).

The special interrogatories asked the following questions:

1. State your current and all prior names, including aliases or nicknames, dates and places of birth, all driver's license numbers, current address, and all addresses for the last five (5) years. For each address, please list the inclusive months and years you or your spouse lived at each address.

2. If you have ever been arrested or convicted of a crime in any country, please state the date of the arrest or conviction, the charges, the name and address of the court in which you were convicted, the offense you were charged with or were convicted of, and the sentence or other outcome.

3. State with particularity your current interest in the defendant property.

4. In your claim dated August 28, 2014, you state under penalty of perjury that you are the "owner" of [property claimed by particular claimant]. Please state the source of the funds [relating to the property claimed].

5. State whether you have been indicted in the United States and if so, state the offense/offenses for which you were indicted, the date of the indictment and the district in which you were indicted.

---

[1] Mona Dotcom, the spouse of Kim Dotcom, filed a claim on September 1, 2014 (Dkt. #14). She has also objected to the special interrogatories, but unlike the other claimants, has mostly answered the interrogatories while preserving her objection. The United States anticipates shortly filing a motion to dismiss her claim.

  6. State whether or not you have agreed to come to the United States to stand trial for any offense/offenses for which you were indicted in the United States.

  7. State whether or not you are currently confined or held in custody in any jurisdiction.

  <u>Claimant Kim Dotcom was further asked:</u>

  8. State your ownership interest in MegaUpload Limited, Megapay Limited, Vestor Limited, Megamedia Limited, and Megastuff Limited and all facts upon which you rely to claim ownership.

  9. State whether or not you entered into a prenuptial agreement or any type of contract governing the division of marital property prior to your marriage to Mona Dotcom and if so, explain what the agreement/contract provides.

Other than providing their current addresses, stating that they had been indicted in this district in case number 1:12cr00003, and restating that they were the owners of the property they claimed, the claimants provided no additional information to the interrogatories propounded stating that the interrogatories exceeded the limited scope of Supplemental Rule G(6)(a) by asking for information that is beyond the claimants' identity and relationship to the property claimed.  *See* Attachment 1.  On November 7, 2014, counsel for the parties met in person to try to narrow or resolve the issues.  On November 11, 2014, counsel for Claimant Bencko stated that he was authorized to state that Claimant Bencko has no arrests or convictions and is the person named in the indictment in this district (Case No. 1:12cr00003).  On November 12, 2014, counsel for the claimants stated in a letter that Claimant Kim Dotcom used the names of Kim Schmitz and Kim Tim Jim Vestor and that the individual claimants, other than Claimant Mona Dotcom, will acknowledge that they are the persons named in the criminal indictment in the related case, case number 1:12cr00003.  *See* Attachment 2.  No additional answers have been provided.

**Legal Discussion**

Pursuant to Rule 37(a)(3)(B), Fed. R. Civ. P., if a party fails to answer an interrogatory, the discovering party may move for an order compelling an answer.[2] Pursuant to Local Rule 37(E), counsel shall confer in good faith in an attempt to resolve the dispute and no motion concerning discovery will be considered unless the motion is accompanied by a statement of counsel that a good faith effort has been made to resolve the matter. Counsel for the United States of America hereby certifies that on November 3, 2014, the undersigned sent counsel for the claimants letters in an attempt to secure the discovery that is the subject of this motion, requesting all deficient responses be cured by Friday, November 7, 2014. *See* Attachments 3 and 4. The letters seeking to avoid the necessity of filing this motion set out the legal authority for the Government's position that the original responses were insufficient. In addition, on November 7, 2014, counsel for the parties met face to face to discuss the matter, as noted above. Although some additional information was thereafter provided, see Attachment 2, as of the date of the filing of this motion, full responses have not been forthcoming.

Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions authorizes special interrogatories concerning "the claimant's identity and relationship to the defendant property." The purpose of the rule is to allow the Government to gather information relating to a claimant's standing, as discussed in the Advisory Committee

---

[2] This Court could also strike the claim for failure to respond to the special interrogatories under Rule G(8)(c)(i)(A). *See United States v. $2,409 in U.S. Currency,* 2010 WL 2670982, at *1 (D. Md. June 24, 2010) (striking claim for failing to respond to special interrogatories within 21 days); *United States v. $85,000,00 in U.S. Currency,* 2010 WL 5087910 at *2 (D. Md. Dec. 7, 2010) (same). The court could also strike a claim where a claimant files an incomplete response to special interrogatories. *See United States v. $55,564 in U.S. Currency,* 2010 WL 5475815, at *2 (D.N.J. Dec. 31, 2010) (granting Rule G(8)(c) motion to strike claim and answer after claimant failed for a year to respond to repeated requests for more complete responses to special interrogatories; claimant who does not provide a satisfactory response to special interrogatories lacks statutory standing).

Notes. *See* Advisory Committee Notes to Rule G(6) (2006) ("It remains useful, however, to permit the government to file limited interrogatories at any time after a claim is filed to gather information that bears on the claimant's standing.")

The claimants' objections as to the scope of the interrogatories are unfounded. First, the special interrogatories propounded address the issue of the claimants' identity as fugitives. Under the fugitive disentitlement doctrine, codified at 28 U.S.C. § 2466, as part of the Civil Asset Forfeiture Reform Act of 2000, a judicial officer may disallow a fugitive from availing himself of the resources of the courts of the United States. That is, the court may preclude a fugitive from litigating a civil forfeiture claim while maintaining his fugitive status.[3] *See e.g., United States v. Technodyne LLC,* 753 F.3d 368 (2d Cir. 2014); *United States v. $6,109.00 in*

---

[3] The fugitive disentitlement doctrine is codified in 28 U.S.C. § 2466 as follows:

> (a) A judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon a finding that such person—
>
> (1) after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution—
>
> (A) purposely leaves the jurisdiction of the United States;
>
> (B) declines to enter or reenter the United States to submit to its jurisdiction; or
>
> (C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; and
>
> (2) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.
>
> (b) Subsection (a) may be applied to a claim filed by a corporation if any majority shareholder, or individual filing the claim on behalf of the corporation is a person to whom subsection (a) applies.

*U.S. Currency et al.,* 581 F.3d 881 (9th Cir. 2009). Because the fugitive disentitlement doctrine can bar a claimant from exploiting judicial process to his advantage while remaining at large, the application of the doctrine is clearly a threshold issue and is therefore an issue of standing. *United States v. $6,976,934.65 Plus Interest,* 486 F.Supp 2d 37, 38 (D.D.C. 2007), *rev'd on other grounds,* 554 F.3d 123 (D.C. Cir. 2009) (noting that application of the disentitlement doctrine is "most similar to a subject matter jurisdiction or standing inquiry"). Thus, the special interrogatories that relate to the fugitive disentitlement issue like the ones served on the claimants in this matter bear on the issue of standing and do not exceed the scope allowed by Supplemental Rule G(6). *See United States v. $133,420.00 in U.S. Currency*, 2010 WL 2594304, *7 (D. Ariz. 2010) ("Rule G appears to tip the scale in favor of the Government's interest in not defending against claims without minimal evidence of standing [and] does so by allowing the Government to propound special interrogatories and to challenge a claimant's standing by summary judgment early in the proceeding."). Additionally, the case law makes clear that a party may use special interrogatories to seek information that is more than what is required for a claimant to identify in its claim under Supplemental Rule G(5). *See $133,420.00 in U.S. Currency*, 672 F.3d 629, 642 (9th Cir. 2012) (special interrogatories are not limited to asking Claimant's identity and nature of his interest in the property; if they were, they would ask for nothing more than what Rule G(5) requires to be included in the claim); *United States v. $307,970.00 in U.S. Currency*, 2013 WL 4095373 (E.D.N.C. 2013) (rejecting the suggestion that because the claimant satisfied the standing requirement at the pleading stage by alleging ownership, special interrogatories are unnecessary); *United States v. Approximately $750,000 in U.S. Currency*, 2011 WL 6155687, *2 (S.D.N.Y. 2011) (Government may use special interrogatories to ask the basis for the claim of ownership; the source of the defendant currency;

the identity of any person or document supporting the claim; and claimant's sources of income, tax records, criminal history and past participation in civil lawsuits); *United States v. $2,051,660.00 in United States Currency*, 2008 WL 8723566, *1 (D. Kan. 2008) (Rule G(6) "must allow more than a mere recitation of the information already required by Supplemental Rule G(5).").

Just like those special interrogatories that were found to be appropriate by various courts, the United States' special interrogatories in this case seek permissible information such as the basis for the claim of ownership and criminal history of the claimants.  Specifically, Interrogatories 1 and 2 concern the claimants' general identity; Interrogatories 3 and 4 concern the claimants' relationship to the defendant property; and Interrogatories 5, 6 and 7 concern the claimants' identity as a fugitive as they seek to establish (1) that a warrant or similar process has been issued for the claimants' apprehension;  (2) that the claimants have knowledge of the warrant; (3) that the claimants are not being confined or held in custody overseas, such that they are prevented from voluntarily surrendering on the criminal warrants; and (4) that the claimants are deliberately avoiding prosecution by declining to enter the United States or otherwise evading the jurisdiction of the court where the criminal case is pending – all elements of the fugitive disentitlement doctrine.  *See* Stefan D. Cassella, *Asset Forfeiture Law in the United States* (2d Ed. 2013), § 9-4 citing *Collazos v. United States*, 368 F.3d 190, 198 (2d Cir. 2004). Thus, all of the interrogatories propounded relate to the "claimant's identity or relationship to the defendant property" pursuant to Rule G(6).

## Conclusion

Here, the United States submitted valid and narrowly crafted interrogatories requesting information that it is entitled to receive under Supplemental Rule G(6) and applicable case law. Based on the claimants' failure to adequately respond to the special interrogatories and lack of legal basis for their objections, the United States requests the court at least compel the claimants to fully respond to the special interrogatories by Friday, November 28, 2014.

                                        Respectfully submitted,

                                        Dana J. Boente
                                        United States Attorney

By:             /s/
                                        Karen Ledbetter Taylor
                                        Assistant United States Attorney
                                        Jay V. Prabhu
                                        Chief, Cybercrime Unit
                                        Assistant United States Attorney
                                        Allison Ickovic
                                        Special Assistant United States Attorney
                                        Attorneys for the United States of America
                                        United States Attorney's Office
                                        Justin W. Williams U.S. Attorney's Building
                                        2100 Jamieson Avenue
                                        Alexandria, Virginia 22314
                                        Phone: 703/299-3700
                                        Fax: 703/299-3982
                                        Email Address: Karen.Taylor2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                                /s/
                                       Allison Ickovic
Special Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703/299-3700
Fax: 703/299-3982
Email Address: Allison.b.ickovic@usdoj.gov