UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:14cv969 |
| | ) | (LO / TRJ) |
| ALL ASSETS LISTED IN ATTACHMENT A, *etc.*, | ) | |
| | ) | |
| *Defendants in Rem.* | ) | |
| | ) | |

## CLAIMANTS' BRIEF IN OPPOSITION
## TO THE GOVERNMENT'S MOTION FOR LEAVE
## TO FILE A BRIEF EXCEEDING THE PAGE LIMITS

Claimants oppose the motion filed by the government for leave to file a ***37-page*** reply brief in support of the government's motion to strike because it far exceeds the 20-page limit provided in the local rules (Doc. 48). In disregard of the local rules, the government did not meet-and-confer before filing that motion, and did not "first obtain[] leave of Court" before filing its oversized brief. Nor has the government even shown "good cause" for filing an oversized brief. Instead, it offers vague generalities, such as the purported need to address "numerous topics" and respond to supposedly "extraneous claims" (Doc. 48). Such arguments fail to meet the "good cause" standard for obtaining leave to file an oversized brief. The excess pages should be seen for what they are: An improper attempt to file a merits-brief opposing Claimants' motion to dismiss—even after having secured an order that the motion to dismiss not be heard. These tactics are neither allowed by the local rules nor fair. The motion should be denied, and the government's proposed reply brief (Doc. 48-2) should be stricken. In the alternative, if the Court accepts the government's oversized reply brief, fairness requires that Claimants be permitted to respond to it in a 15-page supplemental brief.

**ARGUMENT**

The local rules require that every motion contain the certification of counsel that a "good-faith effort" was made to meet and confer with opposing counsel—in person or by phone—"to narrow the area of disagreement."  E.D.Va.Civ.R. 7(E).  Parties are not free to ignore that requirement, and risk denial of the motion or other sanctions when a good faith effort has not been made.  *Snydor v. Fairfax Co.*, 1:10cv934, 2011 U.S. Dist. LEXIS 30224, *4 (E.D. Va. Mar. 23, 2011).  No such effort was made by the government.  Instead, the government filed its motion and the 37-page reply after hours on the due-date, and seems to embrace the folk wisdom that "it is easier to beg forgiveness than seek permission."  Such tactics should not be encouraged, let alone rewarded.

The local rules specifically limit reply briefs to 20 pages.  E.D.Va.Civ.R. 7(F)(3).  These page-limits are set for the self-evident purpose of requiring disciplined and concise brief writing, and to prevent the parties from burdening the Court with extravagant briefing.  *See LG Electronics Ind. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 808 (E.D. Va. 2001).  Therefore, a party must make a showing of good cause to exceed the page-limits set forth in the local rules.  *DAG Petrol. Suppliers, LLC v. BP P.L.C.*, 1:05cv1323, 2006 U.S. Dist. LEXIS 60106 (E.D. Va. Aug. 9, 2006).  In keeping with the rule, "conclusory references to the complexity of the case are an utterly insufficient basis to waive the page limitations imposed by the local rules."  *Id.* at *4-5.  Yet, vague and conclusory arguments are all that the government has offered.

Furthermore, a party seeking to file an oversized brief cannot do so "without first obtaining leave of Court."  E.D.Va.Civ.R. 7(F)(1).  The parties may not unilaterally submit additional briefing beyond what the rules allow without leave of court.  *LG Electronics*, 131 F.

Supp. 2d at 808.  Thus, it is wholly improper to presumptuously file the oversized brief and then seek leave.  It had to be evident to the government long before 8:25 p.m. on the due date that its arguments were going to run on beyond the page limit—yet, neither a meet-and-confer was attempted, nor a motion for leave timely filed.

Finally, the reasons given by the government reveal its true agenda:  to use this brief as a merits-brief to oppose the Claimants' motion to dismiss, to which Claimants' will be prohibited from replying.  That is grossly unfair.  The government, of course, moved the Court to suspend briefing on Claimants' motion to dismiss (Doc. 31) and obtained that relief (Doc. 32).  Now, however, the government wants to argue the merits of the motion to dismiss because it "could not allow [Claimants' merits arguments] to go completely unaddressed" (Doc. 48).  But now Claimants' hands would be tied because they are not permitted to reply to the government's newly made merits arguments.  Accordingly, if the Court allows the government's oversized brief, it should likewise allow Claimants to reply with a 15-page supplemental brief.

## CONCLUSION

Claimants respectfully submit that the government's motion should be denied, and its proposed 37-page reply brief should be stricken.  In the alternative, Claimants should be given leave to file a 15-page supplemental brief.

Dated:  December 16, 2014

Respectfully submitted,
/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-2604
craig.reilly@ccreillylaw.com
*Counsel for Claimants*[1]

| *Local Counsel for Claimants Julius Bencko and Sven Echternacht:* | *Of Counsel for Claimants Kim Dotcom and Megaupload Limited:* |
|---|---|
| David B. Smith<br>SMITH & ZIMMERMAN, PLLC<br>108 North Alfred Street<br>Alexandria, Virginia 22314<br>TEL (703) 548-8911<br>FAX (703) 548-8935<br>dsmith@smithzimmerman.com | William A. Burck (*pro hac vice*)<br>Derek L. Shaffer (*pro hac vice*)<br>Stephen M. Hauss (*pro hac vice*)<br>QUINN EMANUEL URQUHART<br>       & SULLIVAN LLP<br>777 6th Street NW, Suite 1100<br>Washington, D.C. 20001<br>TEL (202) 538-8000<br>FAX (202) 538-8100<br>williamburck@quinnemanuel.com<br>derekshaffer@quinnemanuel.com<br>stephenhauss@quinnemanuel.com |
|  | Ira P. Rothken (*pro hac vice*)<br>Jared R. Smith (*pro hac vice*)<br>ROTHKEN LAW FIRM<br>3 Hamilton Landing, Suite 280<br>Novato, CA 94949<br>TEL (415) 924-4250<br>FAX (415) 924-2905<br>ira@techfirm.net<br>jared@techfirm.net |

---

[1] ***Claimants:***   Kim Dotcom, Mona Dotcom, Julius Bencko, Sven Echternach, Mathias Ortmann, Finn Batato, Bram van der Kolk, Megaupload Limited, Megapay Limited, Vestor Limited, Megamedia Limited, and Megastuff Limited.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 16, 2014, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users:

> Dana J. Boente
> UNITED STATES ATTORNEY
> Karen Ledbetter Taylor
> ASSISTANT UNITED STATES ATTORNEY
> United States Attorney's Office
> Justin W. Williams U.S. Attorney's Building
> 2100 Jamieson Avenue
> Alexandria, Virginia 22304
> Karen.Taylor2@usdoj.gov
> *Attorneys for the United States*

> /s/ Craig C. Reilly
> Craig C. Reilly, Esq. (VSB # 20942)
> 111 Oronoco Street
> Alexandria, Virginia 22314
> TEL (703) 549-5354
> FAX (703) 549-5355 (NEW)
> craig.reilly@ccreillylaw.com
> *Counsel for Claimants*