UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>ALL ASSETS LISTED IN ATTACHMENT A, *etc.*, )<br>)<br>*Defendants in Rem.* )<br>) | No. 1:14cv969<br>(LO / TRJ) |

**OBJECTIONS AND RESPONSES OF CLAIMANT**
**TO THE SPECIAL INTERROGATORIES**

PURSUANT TO RULES 26 and Supplemental Rule G(6)(b) of the Federal Rules of Civil Procedure, Claimant MONA VERGA DOCTOM ("Claimant") objects and responds to the Special Interrogatories as follows:

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Claimant objects to Instructions A and E, which, in part, purport to invade protected work product and privileged attorney-client communications. Claimant objects to Instruction A (final sentence) and Instructions B and C, which purport to alter or abridge Claimant's obligations and rights under the Rules.

SPECIFIC OBJECTIONS AND ANSWERS

1. State your current and all prior names, including aliases or nicknames, date and place of birth, all driver's license numbers, all passport numbers and countries of issue, current address, and all addresses for the last five (5) years. For each address, please list the inclusive months and years you or your spouse lived at each address.

> OBJECTION:   Under Supplemental Rule G(6)(a), special interrogatories are "limited to the claimant's identity and relationship to the defendant property." This special interrogatory exceeds that limited scope, and Claimant will only provide her name and current address.
> RESPONSE:   MONA VERGA DOTCOM, 5H The Prom, Coatesville, Auckland 0793 New Zealand.

2. If you have ever been arrested, charged, or convicted of a crime in any country, please state the date of the arrest or conviction, the charges, the name and address of the court in which you were convicted, the offense you were charged with or were convicted of, and the sentence or other outcome.

> OBJECTION:   Under Supplemental Rule G(6)(a), special interrogatories are "limited to the claimant's identity and relationship to the defendant property." This special interrogatory exceeds that limited scope, and Claimant will not respond.
> RESPONSE:   No response is being made.

3. In your claim dated September 1, 2014, you state under penalty of perjury that you are asserting a claim in the specific property listed in your claim either because you "have a 50% marital interest as the spouse of the owner, Kim Dotcom." Please state your basis for your belief that you have a 50% marital interest in that property – including any applicable laws in New Zealand or another jurisdiction which form the basis for that belief, your factual and legal basis to support those claims, and the date on which you believe your "marital interest" began.

> RESPONSE:   I have at least a 50% relationship property interest in moveable and immoveable property in New Zealand and moveable property held in overseas jurisdictions (refer to sections 7 and 11 of the Property (Relationships) Act 1976 (NZ-PRA)). I state "at least" because there are a number of provisions under the PRA that may entitle me to a greater share than 50% of the relationship property (refer to sections 13; 15 to 18C of the NZ-PRA). I am entitled to at least 50% of the relationship property as I began a de-facto relationship with Kim Dotcom in November 2007 and I married Kim Dotcom on 10 July 2009. My "marital interest" in the relationship property began in November 2007 (refer sections 2, 2B and 11 of the NZ-PRA). I note that I may also have an interest in immoveable property held in other jurisdictions but that will depend on the governing law in those jurisdictions.

4. If your basis for asserting a 50% marital property interest is based on anything other than the de facto equitable sharing rule of New Zealand's Property Relations Act of 1976 (modified on February 1, 2002), please state the basis for that belief as to each asset in which you claim a property interest.

RESPONSE: See my response to interrogatory no. 3.

5. If you have any ownership interest in the claimed property other than a "50% marital property interest as the spouse of Kim Dotcom," please state the basis for any other ownership interest.

RESPONSE: As explained in my answer to interrogatory no. 3, which I incorporate herein, I have at least a 50% relationship property interest in moveable and immoveable property in New Zealand and moveable property held in overseas jurisdictions (refer to sections 7 and 11 of the NZ-PRA). I state "at least" because there are a number of provisions under the PRA that may entitle me to a greater share than 50% of the relationship property (refer to sections 13; 15 to 18C of the NZ-PRA).

6. When and where did you marry Kim Dotcom?

**RESPONSE: Kim Dotcom and I married on 10 July 2009 in Hong Kong.**

7. Prior to entering the marriage with Kim Dotcom, or at any time thereafter, did you enter into any property agreement (such as a prenuptial contact, trust agreement, etc.) governing the division of any property with Kim Dotcom or any other familial relation? If so, please provide your understanding of how the contract governed the division of property, and when this contract was entered.

RESPONSE: No.

8. In your claim dated September 1, 2014, you state under penalty of perjury that you are the owner of various vehicles, real properties, a Computershare account and other miscellaneous properties named in the Complaint for Forfeiture In Rem. Please state the source of the funds used to purchase each of these properties, and the date the asset was acquired.

OBJECTION: Under Supplemental Rule G(6)(a), special interrogatories are "limited to the claimant's identity and relationship to the defendant property." This special interrogatory exceeds that limited scope.

RESPONSE: Subject to my objection—as stated in my claim and explained above in my answer to interrogatory no. 3, I have a 50% marital interest in the various vehicles, real properties, a Computershare account and other miscellaneous properties named in the Complaint for Forfeiture In Rem, and I have a 50% owner interest in the funds used to purchase each of these properties.

9. Have you or Kim Dotcom filed for divorce or legally separated from one another? If so, please provide the dates and relevant details (including the docket numbers and the courts in which any legal proceedings were filed).

RESPONSE: Kim Dotcom and I separated on 12 May 2014. However, we are still married. Kim Dotcom and I cannot apply for dissolution of our marriage until 12 May 2016. Our legal separation does not affect my entitlements under the NZ-PRA being

property acquired during the relationship up to the date of separation.

## VERIFICATION

I declare under penalty of perjury of the laws of the United States that the foregoing responses are true and correct.

EXECUTED this ___23___ day of October 2014.

*[signature]*

MONA VERGA DOTCOM

11668656

<div style="display: flex; justify-content: space-between;">
<div>
Dated:  October 24, 2014
</div>
<div>
Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-2604
craig.reilly@ccreillylaw.com
*Counsel for Claimants*[1]
</div>
</div>

*Counsel for Claimants Kim Dotcom and Megaupload Limited:*

Ira P. Rothken (*pro hac vice*)
Jared R. Smith (*pro hac vice*)
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA 94949
TEL (415) 924-4250
FAX (415) 924-2905
ira@techfirm.net
jared@techfirm.net

William A. Burck (*pro hac vice*)
Derek L. Shaffer (*pro hac vice*)
Stephen M. Hauss (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN LLP
777 6th Street NW, Suite 1100
Washington, D.C. 20001
TEL (202) 538-8000
FAX (202) 538-8100
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
stephenhauss@quinnemanuel.com

---

[1] ***Claimants:***  Kim Dotcom, Mona Dotcom, Julius Bencko, Sven Echternach, Mathias Ortmann, Finn Batato, Bram van der Kolk, Megaupload Limited, Megapay Limited, Vestor Limited, Megamedia Limited, and Megastuff Limited.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2014, the foregoing was served electronically on the following counsel of record:

>Dana J. Boente
>UNITED STATES ATTORNEY
>Jay V. Prabhu
>ASSISTANT UNITED STATES ATTORNEY
>Karen Ledbetter Taylor
>ASSISTANT UNITED STATES ATTORNEY
>Allison Ickovic
>SPECIAL ASSISTANT UNITED STATES ATTORNEY
>United States Attorney's Office
>Justin W. Williams U.S. Attorney's Building
>2100 Jamieson Avenue
>Alexandria, Virginia 22304
>Jay.prabhu@usdoj.gov
>Karen.Taylor2@usdoj.gov
>Allison.b.ickovic@usdoj.gov
>*Attorneys for the United States*
>
>David B. Smith
>SMITH & ZIMMERMAN, PLLC
>108 North Alfred Street
>Alexandria, Virginia 22314
>dsmith@smithzimmerman.com
>*Local Counsel for Claimants*
>*Sven Echternach & Julius Bencko*
>
>>/s/ Craig C. Reilly
>>Craig C. Reilly, Esq. (VSB # 20942)
>>111 Oronoco Street
>>Alexandria, Virginia 22314
>>TEL (703) 549-5354
>>FAX (703) 549-5355 (NEW)
>>craig.reilly@ccreillylaw.com
>>*Counsel for Claimants*