IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>    v.<br><br>ALL ASSETS LISTED IN ATTACHMENT A, AND ALL INTEREST, BENEFITS, AND ASSETS TRACEABLE THERETO,<br><br>Defendants *in Rem.* | Civil Action No.: 1:14-cv-969<br><br>The Honorable Liam O'Grady |

**UNITED STATES' OPPOSITION TO CLAIMANT MONA DOTCOM'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE GOVERNMENT'S MOTION TO STRIKE HER CLAIM**

The government filed its Motion to Strike Mona Dotcom's claim on December 30, 2014. (dk. 60).[1]   Local Civil Rule 7(F)(1) provides that a party opposing a motion must file a responsive brief within eleven days after service.   E.D. Va. Local. Civ. R. 7(F)(1). Additionally, three days are added to this responsive period under Federal Rule of Civil Procedure 6(d).   Thus, Claimant Mona Dotcom's opposition is due on or before Tuesday, January 13, 2015.   The hearing on the motion to strike the other fugitive claimants' claims is scheduled for January 16, 2015.

---

[1] Contrary to Claimant's allegation, there was nothing nefarious about the timing of the government's filing of its motion to strike her claim.   Between November 17 and December 30 (a period between the government's filing of motion to strike the fugitive claimants' claims under the fugitive disentitlement statute (dk. 37) and the motion to strike Mona Dotcom's claim (dk. 60)), the government was not idly sitting around with a ready-to-be-filed motion just to hamstring Mona Dotcom.   In fact, during this time, the government had to (1) file a motion to compel complete answers to special interrogatories it served on the fugitive claimants (dk. 38) because the responses they provided were so devoid of substance; (2) file a reply (dk. 48) to a voluminous opposition the fugitive claimants filed in response to the government's motion to strike the fugitives' claims; and (3) file a reply (dk. 47) to the claimants' opposition to the government's motion to compel (which was granted almost in all part for the government).   The motion to strike her claim was filed as soon as it was ready after the Christmas weekend.

While the United States would readily consent to reasonable extensions of time under ordinary circumstances, the circumstances surrounding this case are anything but ordinary – the United States will suffer irreparable damage if this Court were to grant Claimant Mona Dotcom's motion for extension of time to respond to the government's motion to strike her claim (dk. 62) in light of the continued dissipation of restrained assets around the world and the impending lift of restraints in New Zealand in less than three months.

Rule 6(b) of the Federal Rules of Civil Procedure requires that there be good cause present for the Court to grant an extension of time. Fed.R.Civ.P. 6(b). Though requests for extensions of time made before the applicable deadline should normally be granted, the Court should deny it if it finds "bad faith on the part of the party seeking relief or prejudice to the adverse party." Wright & Miller, Fed. Prac. and Proc. § 1165 (3d ed. 2004). In light of Claimant's failure to meet this burden and the grave prejudice the United States will suffer, the Court should deny Claimant's request for additional time to file a responsive pleading.

## I.   CLAIMANT DOES NOT STATE GOOD CAUSE FOR AN EXTENSION

Local rules make it clear that this Court avoid unnecessary delays. Local Rule 7(I) provides that "[a]ny requests for an extension of time relating to motions . . . will be looked upon *with disfavor*." E.D. Va. Local. Civ. R. 7(I) (emphasis added). The purpose of this rule is to avoid unnecessary gamesmanship and delay by the parties, especially such a delay would prejudice the non-moving party as in this case. There must be an actual showing of good cause to justify the extension Claimant is seeking. Fed.R.Civ.P. 6(b).

With respect to "good cause" for the extension, Mona Dotcom's motion states nothing more than the fact that her New Zealand counsel is "out of office" on annual leave and that she/he is not available until January 14, 2015—coincidentally until right before the hearing on

the main motion to strike has long been scheduled. In addition to competent U.S. counsel, however, Mona Dotcom is represented by one of the largest law firms in the region, with more than 1,000 lawyers and legal staff.[2] Mona Dotcom provides no explanation as to why her New Zealand counsel cannot pick up the phone and work with one of her hundreds of associates to respond to the government's property law argument—an argument which Mona Dotcom's marital property counsel surely anticipated when she helped Mona Dotcom assert her marital interest in the first place.

If anything, Mona Dotcom's brief in support of her "emergency" request simply demonstrates that no extension is necessary. That brief is nothing more than a *slightly* trimmed version (21 pages instead of 30) of the substantive brief she claims she needs an additional 21 days to file. The essence of Mona Dotcom's substantive response appears to be that the government's motion to strike raises factual issues and should be converted to a motion for summary judgment—an argument to which Mona Dotcom's New Zealand marital property counsel will surely have little to add. Mona Dotcom's brief demonstrates she does not need more time to respond to the government's Motion, let alone three weeks. She has not shown good cause for an extension.

## II. THE GOVERNMENT WOULD BE PREJUDICED BY THE REQUESTED EXTENSION

Claimant's motion does not address, much less attempt to ameliorate, the impending and ongoing prejudice the government suffers based on <u>any</u> delay in resolving this matter – the dissipation of restrained funds all around the world and scheduled release of all assets restrained

---

[2] Minter Ellison is an international law firm based in Australia. Established in Sydney in 1827, it is one of the largest law firms operating in the Asia Pacific. More than 290 partners and 900 legal staff work in 15 offices across Australia, New Zealand, the People's Republic of China, Hong Kong, Mongolia and the United Kingdom. *See* www.minterellison.com

in New Zealand in April, 2015.[3]

Over the past three years, the Dotcoms and other fugitive claimants have drawn down the restrained assets in New Zealand by more than 40%. As of December 2014, more than NZ$1 million (currently US $770,000) in restrained funds were released to the Dotcoms as "living expenses" by the New Zealand courts.

Tellingly, on December 23, 2014, after a hearing was set for the government's Motion to Strike Fugitive Claimants' claims based on the fugitive disentitlement doctrine, Kim Dotcom filed a request with the New Zealand courts to release "further legal expenses," which are undefined but clearly are likely to be in the millions, and "living expenses," which he asserts are well over NZ$100,000 (currently US$77,000) per month. Mr. Dotcom has sought a hearing in New Zealand on the additional release of funds for January 15, 2015 at 10:00 a.m. (January 14, 2015 at 4:00PM EST), which is merely two days before the hearing in this Court on the Motion to Strike his claim to those same assets.

This maneuvering exemplifies how the claimants in this case are deliberately trying to dissipate the assets restrained by this Court while delaying the resolution of judicial proceedings in the United States. Ultimately, extending the time to respond from the normal 14 days to three extra weeks in addition to 14 days would deprive the United States and this Court of opportunities to resolve this case on merits before the assets are drained.

---

[3] Instead of addressing this issue, Mona Dotcom, who is represented by the same local counsel as all other fugitive Claimants in this case, boldly blames the Government for the time pressure under which this Court and parties must operate. This blame-shifting is farcical given that this civil forfeiture action would have been unnecessary had the fugitive claimants submitted to U.S. jurisdiction three years ago instead of delaying proceedings and challenging this Court's orders from the safety of foreign jurisdictions.

## CONCLUSION

For those reasons, the government urges this Court to exercise its discretion and managerial power to maintain control over this case and deny Claimant Mona Dotcom's motion for extension of time.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
Karen Ledbetter Taylor
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Building
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia   22314
Phone:   703-299-3700
Fax:   703-299-3982
Email Address: Karen.taylor2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                                 /s/
                                      Karen Ledbetter Taylor
                                      Assistant United States Attorney
                                      Attorney for the United States of America
                                      United States Attorney's Office
                                      Justin W. Williams U.S. Attorney's Building
                                      2100 Jamieson Avenue
                                      Alexandria, Virginia 22314
                                      Phone:   703-299-3700
                                      Fax: 703-299-3982
                                      Email Address: Karen.Taylor2@usdoj.gov