IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff,<br><br>-v-<br><br>ALL ASSETS LISTED IN ATTACHMENT A, AND<br>ALL INTEREST, BENEFITS, AND ASSETS<br>TRACEABLE THERETO,<br>                Defendants *in rem*. | Civil No. 1:14-cv-969<br><br>Hon. Liam O'Grady |

**MEMORANDUM OPINION**

Before the court is the government's motion to strike the verified claim of Mona Dotcom ("Mona"). (Dkt. No. 60). The government filed a verified complaint for civil forfeiture *in rem* on July 29, 2014 seeking forfeiture of the assets listed in Attachment A to the complaint. (Dkt. No. 1). Mona Dotcom filed a verified claim to certain of the assets listed in Attachment A on September 1, 2014.[1] (Dkt. No. 14). On October 10, 2014, she and the other claimants filed a motion to dismiss and or stay the government's forfeiture action. (Dkt. No. 19).[2] On December 30, 2014, the government moved to strike Mona's claim to the assets on the ground that she lacks standing. (Dkt. No. 60). Mona opposed the motion, and the government replied. (Dkt. Nos. 73-75). The court heard oral argument on January 30, 2015.

---

[1] On August 28, 2014, claims to the assets were filed by Finn Batato; Julius Bencko; Kim Dotcom; Sven Echternach; Bram van der Kolk; Mathias Ortmann; and Megaupload Limited, Megapay Limited, Megamedia Limited, Megastuff Limited, and Vestor Limited. (Dkt. Nos. 3-9). By order dated February 27, 2015, this court granted the government's motion to strike and dismissed the claims of those claimants pursuant to the fugitive disentitlement statute, 28 U.S.C. § 2466. (Dkt. No. 82).

[2] This motion has been denied as to the fugitive claimants, but remains pending as to Mona.

1

## I. BACKGROUND

The full factual background of this case is discussed in the court's Memorandum Opinion dated February 27, 2015. (Dkt. No. 81). Relevant to this motion, Mona Dotcom is the wife of Kim Dotcom ("Kim")[3] and she resides in New Zealand. Kim Dotcom and his alleged co-conspirators have been indicted in this district for conspiracy to commit copyright infringement, money laundering, and other offenses. In this civil forfeiture *in rem* action, the government seeks the forfeiture of assets that are traceable to the alleged crimes. This court has disentitled Kim Dotcom and his alleged co-conspirators pursuant to the fugitive disentitlement doctrine. In her verified claim to the assets, Mona asserts a 50% marital interest in certain assets identified in Attachment A belonging to Kim.

## II. MOTION TO STRIKE

The government contends that Mona Dotcom lacks standing to contest the forfeiture. Specifically, the government argues that: (1) under the New Zealand Property (Relationships) Act 1976 (N.Z.) ("PRA"), Mona's interest is not quantifiable until there has been adjudication of her marital property rights; (2) it is not likely that Mona will be able to prove the affirmative defense of being an "innocent owner;" (3) Mona has already received transfers from Kim's assets sufficient to satisfy her marital interest; (4) her claim of de facto marriage is flawed; and (5) if forfeiture is ordered by this court, she may challenge the forfeiture in New Zealand.[4]

### A. Standard of Review

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions is applicable to this civil forfeiture action. Supplemental Rule G(8)(c) allows

---

[3] Mona and Kim Dotcom are currently married, but she has represented to the court that she and Kim are separated and will be divorcing.

[4] Because this matter is before the court on a motion for judgment on the pleadings, the court declines to address the government's arguments concerning merits issues (such as the "innocent owner" defense) that are not relevant at this stage of the proceedings.

the government to move to strike a claim for lack of standing. In the civil forfeiture context, the government's motion to strike "may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence." Supp. R. G(8)(c)(ii)(B). Here, the government has moved for judgment on the pleadings.

When the government moves for judgment on the pleadings in a forfeiture proceeding, the claim of ownership will be scrutinized in a manner consistent with the principles of Fed. R. Civ. P. 12(c). The 2006 Advisory Committee Notes to Supplemental Rule G(8)(c)(ii)(B) provide guidance: "If a claim fails on its face to show facts that support claim standing, the claim can be dismissed by judgment on the pleadings."

In adjudicating a motion for judgment on the pleadings under Rule 12(c), the court should apply the same standard as when evaluating a motion to dismiss under Rule 12(b)(6). *See Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a [claim]; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In deciding a Rule 12(b)(6) motion, a district court " 'must accept as true all of the factual allegations contained in the [claim]' and 'draw all reasonable inferences in favor of the [claimant].' " *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011)). A court must grant a motion under Fed. R. Civ. P. 12(c) if it appears beyond a doubt that the non-moving party can prove no set of facts to support her claim. *See Bruce v. Riddle*, 631 F.2d 272, 273-274 (4th Cir.

1980); *see also United States v. 328 Pounds More or Less, of Wild Am. Ginseng*, 347 F. Supp. 2d 241, 244 (W.D.N.C. 2004).

## B. Statutory Standing

Civil forfeiture claimants have the burden of establishing Article III and statutory standing. *See, e.g., United States v. $50,000 in U.S. Currency*, No. 13-2754, 2014 WL 2575767, *2 (D. Md. June 6, 2014); *United States v. $7,000 in U.S. Currency*, 583 F. Supp. 2d 725, 728-729 (M.D.N.C. 2008). To establish statutory standing, the claimant must comply with Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 18 U.S.C. § 983(a)(4)(A). Section 983(a)(4)(A) provides that when the government files a complaint for forfeiture of property, "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim" must be timely. Supplemental Rule G(5)(a) provides that a claim must: (1) "identify the specific property claimed;" (2) "identify the claimant and state [her] interest in the property;" (3) "be signed by the claimant under penalty of perjury;" and (4) "be served on the government." Supp. R. G(5)(a). Courts generally require strict compliance with Rule G(5), but the Court may depart from it "in appropriate circumstances." *United States v. 328 Pounds More or Less, of Wild Am. Ginseng*, 347 F. Supp. 2d 241, 248 (W.D.N.C. 2004) (quoting *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993)).

## C. Article III Standing

In contrast to statutory standing, the requirements for Article III standing cannot be excused at the discretion of the district court judge. "In order to contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give [her] Article III standing;

otherwise there is no case or controversy, in the constitutional sense, capable of adjudication in the federal courts." *United States v. Real Property Described in Deeds Recorded at Book/Page 839/846…Henderson Cnty. Registry and Ins. Proceeds*, 962 F. Supp. 734, 736-737 (W.D.N.C. 1997) (internal citations and quotation marks omitted). Standing must be supported at each stage of the litigation. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

To establish standing under Article III, a claimant "must allege a 'distinct and palpable injury to [herself]' that is the direct result of the 'putatively illegal conduct of the adverse party,' and 'likely to be redressed by the requested relief.' " *United States v. Cambio Exacto*, 166 F.3d 522, 527 (2d Cir. 1999) (internal citations omitted). In order to do so, the "claimant must have a colorable ownership, possessory or security interest in at least a portion of the defendant property." *United States v. $41,320 in U.S. Currency*, No. 12-1449, 2014 WL 6698426, *2 (D. Md. Nov. 25, 2014) (quoting *United States v. Munson*, Nos. 08-2065, 08-2159, 08-4326, 477 F. App'x 57, 62 (4th Cir. Apr. 17, 2012) (internal quotation marks omitted). "Courts generally do not deny standing to a claimant who is either the colorable owner of the property or who has any colorable possessory interest in it." *United States v. $7,000 in U.S. Currency*, 583 F. Supp. 2d 725, 729 (M.D.N.C. 2008) (internal quotation marks omitted).

### D. Discussion

There is a split of authority regarding the proper showing of standing at the pleading stage in the civil forfeiture context. Some courts have held that a simple claim of ownership is sufficient. *See, e.g., United States v. $196,969 U.S. Currency*, 719 F.3d 644, 646 (7th Cir. 2013) (only a "bald assertion" of ownership is required). Other courts, including district courts within the Fourth Circuit, have required more than a "bald assertion of ownership." *See, e.g., United States v. $18,690 in U.S. Currency*, 5:13-cv-026, 2014 WL 1379914, slip op. at *3 (W.D.V.A.

Apr. 8, 2014) (granting government's motion to strike where claimant made only a "bare assertion of ownership" and therefore lacked standing); *United States v. $104,250 in U.S. Currency*, 947 F. Supp. 2d 560, 562-63 (D. Md. 2013) (granting government's motion to strike where the amended claim was "little better than a bald assertion of ownership"); *United States v. $7,000 in U.S. Currency*, 583 F. Supp. 2d 725, 728-34 (M.D.N.C. 2008) (granting government's motion to dismiss claim for lack of standing); *United States v. 328 Pounds More or Less, of Wild Am. Ginseng*, 347 F. Supp. 2d 241, 245-248 (W.D.N.C. 2004) (denying in part government's motion for judgment on the pleadings where certain claimants had provided more than a mere assertion of ownership); *United States v. Real Prop. Located at 5201 Woodlake Drive*, 895 F. Supp. 791, 794-795 (M.D.N.C. 1995) (granting government's motion to dismiss the claims for lack of standing).

Courts that have required evidence of an ownership interest have generally held that a claimant must state the source of the property and how she came into possession of it. *See, e.g., United States v. $104,250*, 947 F. Supp. 2d at 565 (granting government's motion to strike where claim stated only that money seized in airport was proceeds of an investment in the entertainment industry and proceeds of claimant's mother's estate). In *United States v. $7,000*, the court noted that "[i]n applying the second test, courts 'generally look to dominion and control, such as possession, title, and financial stake, as evidence of an ownership interest.'" *United States v. $7,000*, 583 F. Supp. 2d at 729 (citation omitted). The court found that "the Fourth Circuit would almost assuredly apply the 'dominion and control' test, which it has applied in an unpublished civil forfeiture opinion and in the criminal forfeiture context." *Id.* (citing *United States v. One Lot or Parcel of Ground Known as 1077 Kittrell St.*, No. 90-7259, 1991 WL 227792, *2 (4th Cir. Nov. 7, 1991) ("Bare legal title, standing alone, is insufficient to

confer standing upon a claimant"); *In re Bryson*, 406 F.3d 284, 291 (4th Cir. 2005); *United States v. Morgan*, 224 F.3d 339, 343 (4th Cir. 2000)).

### *1. Marital Interest*

In her claim, Mona identifies her interest in each of the assets as a "50% marital interest…as the spouse of the owner, Kim Dotcom."[5] *See* Verified Claim of Mona Dotcom. Her response to the government's special interrogatories and her opposition memorandum shows that her "marital interest" is premised on New Zealand law,[6] particularly the distribution scheme of the New Zealand Property (Relationships) Act 1976 (N.Z.) ("PRA"). *See* Mem. in Opp'n, 14; Mona Dotcom's Response to Special Interrogatories 3-5 (stating that she has a marital interest in the assets pursuant to the PRA).

Under Section 11 of the PRA, there is a presumption that property classified as "relationship property" under the Act will be divided equally. "The PRA was enacted for the purpose of introducing an equal sharing relationship property regime based on recognition of contributions to the marriage or partnership rather than of contributions to specific items of property." *Hayward v. Commissioner of Police* [2014] NZCA 625 at para [17] White J for the Court (N.Z.) ("*Hayward II*"). In *Hayward*, the New Zealand High Court[7] favorably quoted scholarship stating that the relationship property regime created by the PRA "crystallises only in the event of a future Court order or compromise. Until then, the statutory relationship property

---

[5] There is one exception. With respect to a vehicle identified as "Vehicle 2" in her claim, Mona originally claimed that in addition to a "50% marital interest," she had paid for the purchase of that vehicle. *See* Verified Claim of Mona Dotcom, 4. However, in her opposition brief, she withdraws the purchase claim and asserts only her marital interest in the vehicle. *See* Mem. in Opp'n, 20.

[6] "…[I]t is appropriate to refer to state law in determining the nature of the property interest involved in a forfeiture proceeding." *United States v. $3,000 in Cash*, 906 F. Supp. 1061, 1065 (E.D. Va. 1995) (internal quotation marks omitted). Here, the relevant property law is the law of New Zealand.

[7] The New Zealand High Court has original and appellate jurisdiction over criminal and civil matters; the Court of Appeal is New Zealand's intermediate appellate court, hearing appeals from the High Court and other courts; the Supreme Court is New Zealand's final court of appeal. *See Courts*, MINISTRY OF JUSTICE, http://www.justice.govt.nz/courts (last visited Mar. 11, 2015).

regime has no immediate effect on the conventional proprietary interests of the parties in law and equity." *Commissioner of Police v. Hayward* (unreported) High Court, Auckland, CIV 2011-404-002371, 10 June 2013, Venning J, at para 103 (N.Z.) ("*Hayward I*"). In the appeal from *Hayward I*, the New Zealand Court of Appeal held that the term "interest" under the New Zealand Criminal Proceeds (Recovery) Act 2009 (N.Z.) ("CPRA") "means not only a legal or equitable estate or interest in the property but also extends to a right, power or privilege in connection with the property." *Hayward II* at para [23] (N.Z.). *See also* CPRA 5(1) (N.Z.). The *Hayward II* court stated that under the CPRA's broader definition of "interest," the ability of a spouse to make a claim under the PRA for division of property or a declaration as to the status or ownership of property is one of the rights in connection with the property. *See Hayward II* at para [26] (N.Z.). In other words, a person's right to state a claim under the PRA, regardless of whether they have done so, constitutes an "interest" under the CPRA.

Mona argues that the language of a New Zealand court in a judgment on the Dotcoms' application for release of restrained assets demonstrates that she currently has a marital interest in the property. In the order, the New Zealand High Court stated that "Mrs. Dotcom has an interest in Mr. Dotcom's restrained property under the Property (Relationships) Act 1976. This is not in dispute." *Commissioner of Police v. Kim Dotcom* (unreported) High Court, Auckland, CIV 2012-404-33, 29 August 2012, Potter J, at para 73 (N.Z.). The High Court further stated that "Mrs. Dotcom is entitled...to apply for further orders from the Court, she being a person with an interest in the restrained property." *Id.* at para 76 (N.Z.). Although the High Court referred to the interest as one under the PRA, it is apparent that the court meant that Mona's right to apply for relief pursuant to the PRA granted her an "interest" under the CPRA.[8]

---

[8] Further, Mona's expert, a New Zealand barrister and solicitor, stated in his affidavit that the High Court has already recognized a "clear interest in the property governed by the CPRA regime." Aff. of Aaron James Lloyd, ¶

The government argues that Mona lacks standing to contest the forfeiture of property belonging to her husband because her marital property rights have not yet vested under the relevant New Zealand statutes and her claimed interest is therefore too speculative. As support, the government cites a number of cases in which courts dismissed the claims of individuals who asserted an interest in a spouse's property, on the basis that the claimants lacked standing under the applicable state laws absent litigation of their marital property rights. *See United States v. Schifferli*, 898 F.2d 987, 989 n.* (4th Cir. 1990) (affirming district court's grant of summary judgment where wife lacked standing to contest the forfeiture of her husband's property under South Carolina law because a right in "marital property" did not vest until the commencement of marital litigation and no such litigation had begun); *United States v. 9844 S. Titan Court, Unit 9...*, 75 F.3d 1470, 1478-1479 (10th Cir. 1996); *United States v. Premises Known as 717 S. Woodward St....*, 2 F.3d 529, 535-536 (3d Cir. 1993); *United States v. Kermali*, No. 6:13-cr-150, 2014 WL 6601004, *2-3 (M.D. Fl. Nov. 12, 2014). *See also United States v. 998 Cotton St....*, No. 1:11-cv-356, 2013 WL 1192821, *6-9 (M.D.N.C. Mar. 22, 2013).

Taking the facts in Mona's claim as true and making reasonable inferences in her favor, the court finds that Mona presently possesses a "right, power or privilege in connection with the property" pursuant to the CPRA. However, this broadly-defined "interest" does not rise to the level of a legal or equitable interest sufficient to satisfy Article III standing at this time. The problem with Mona's claim is not that she merely offers a bare assertion of ownership. Rather, her claim is deficient because she does not actually allege that she owns the property. Mona's counsel admitted at oral argument that she has not sought a final adjudication of her marital property rights, nor has she reached a settlement agreement with Kim Dotcom. Because

---

16(a). Although Lloyd argued that there is a presumption under NZ law that Mona will be entitled to 50% of the relationship property, he did not attempt to argue that the High Court's judgment constituted an adjudication of Mona's marital property interests under the PRA. *See id.* at ¶¶ 41-51.

her claim asserts only a marital interest that has not yet ripened, Mona's claim fails to state facts supporting a reasonable inference that she currently has a legal or equitable interest in the property even under a standard requiring only a bare assertion of ownership.

### 2. Possessory Interest in Certain Property

A claimant need not allege an ownership interest to meet threshold Article III standing. *See, e.g., United States v. $119,030 in U.S. Currency*, 955 F. Supp. 2d 569 (W.D. Va. 2013) ("Article III's standing requirement is…satisfied because an owner *or possessor* of property that has been seized necessarily suffers an injury that can be redressed at least in part by the return of the seized property") (emphasis added) (citation and internal quotation marks omitted).

With respect to two particular items of property, Mona argues that her claim is alternatively premised on a lawful possessory interest[9] rather than a marital interest. *See* Mem. in Opp'n, 19-20. She states that she is in possession of and exercises dominion and control over the vehicle listed in her claim as "Vehicle 14"[10] and the real property identified as "Property 2."[11] She resides in the home identified as Property 2 and Vehicle 14 was released to her pursuant to an order of the New Zealand High Court. *See* Order for Registration of Foreign Restraining Orders, Schedule 3, ¶ 1.3.3 (releasing vehicle to Mona). Mona has thus alleged sufficient facts in her opposition to support a reasonable inference that she is in lawful possession of Vehicle 14 and Property 2. As a lawful possessor, she will suffer an imminent

---

[9] Although Mona does not actually state her claim of a possessory interest in these two items of property within the four corners of her verified claim, the court will credit the arguments in her opposition memorandum. The government does not dispute these assertions, and there is independent evidence of her possession of these two properties.

[10] Vehicle 14 is identified in Attachment A to the government's forfeiture complaint as "2010 Black Toyota Vellfire V6, VIN 7AT0H65MX11041670, and including License Plate "WOW", and all interest, benefits, or assets traceable thereto." *See* Attachment A, ¶ 39.

[11] Property 2 is identified in Attachment A to the government's forfeiture complaint as "The property at 5H The Prom, Coatesville, Auckland 0793,New Zealand, being all that parcel of land on Certificate of Title number 341890 on Deposit Plan 385357, and all interest, benefits, or assets traceable thereto." *See* Attachment A, ¶ 21.

10

injury if the properties are forfeited. Accordingly, Mona has standing to contest the forfeiture of those two items of property.

With respect to a vehicle identified in her claim as Vehicle 15,[12] Mona argues in opposition that this vehicle is her separate property under the PRA because it was a gift to her. *See* Mem. in Opp'n, 20; Aff. of Mona Dotcom, ¶¶ 33-34. However, her verified claim makes no mention of this "interest in separate property," and unlike Property 14 and Vehicle 2, there is no independent evidence before the court that this vehicle was a gift. Accordingly, the court will not construe her verified claim as embracing this allegation of a separate interest in Vehicle 15.

### III. CONCLUSION

For the foregoing reasons, the court finds that Mona Dotcom currently lacks Article III standing to contest the forfeiture on the basis of a marital interest in property belonging to Kim Dotcom. However, Mona has standing based on a possessory interest in Vehicle 14 and Property 2. Accordingly, it is hereby ORDERED that the motion to strike (Dkt. No. 60) is GRANTED and DENIED in part. The court therefore strikes Mona's verified claim, (Dkt. No. 14), except as to her claims to Vehicle 14 and Property 2. An appropriate order will issue.

Date: March 13, 2015
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

---

[12] Vehicle 15 is identified in Attachment A to the government's forfeiture complaint as "2011 Mercedes Benz G55AMG, VIN WDB4632702X191902, and including License Plate "GDS672", and all interest, benefits, or assets traceable thereto." *See* Attachment A, ¶ 40.

11